# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

| | |
|---|---|
| **RELION MANUFACTURING, INC.,**<br><br>　　Plaintiff,<br><br>v.<br><br>**TRI-PAC, INC.,**<br><br>　　Defendant/Third Party Plaintiff.<br><br>v.<br><br>**APTARGROUP, INC.,**<br><br>　　Third Party Defendant. | **CASE NO. 1:17-cv-282-MR-DSC** |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on "Aptar Group, Inc.'s Motion to Dismiss, or in the Alternative, Motion to Compel Arbitration and Stay Judicial Proceedings" (document #34) and the parties' briefs and exhibits.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) on November 7, 2018 and this Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Third Party Defendant's Motion to Dismiss and alternative Motion to Compel Arbitration be <u>denied</u>, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff is a contract manufacturing and packaging provider. Defendant provides contract filling and packaging services to marketers of aerosol, liquid, and specialty packaged products.

Taking the allegations of the Complaint as true, on July 7, 2016, the parties entered into a contract for Defendant to provide manufacturing and packaging services to Plaintiff's product lines. Plaintiff sent Defendant three purchase orders pursuant to the contract.

On October 10, 2017, Plaintiff filed this action asserting that Defendant's packaging products were defective and alleging claims for breach of contract and breach of express and implied warranties.

On July 30, 2018, Defendant filed its Third Party Complaint against Aptar Group, Inc. Defendant alleges that it purchased the defective products from Aptar. Defendant alleges claims for indemnity and breach of implied warranties. Defendant asserts that "any liability of [Defendant] due to the allegations in the Complaint … against [Defendant] are due to the actions, errors, and omissions of Aptar, and Aptar must indemnify" Defendant.

Defendant sent Aptar three purchase orders. Aptar responded to each order with an email confirmation that incorporated its Terms and Conditions of Sale. Those Terms and Conditions are posted on Aptar's website. They include a mandatory arbitration clause. There is no dispute that Defendant's Third Party claims are within the scope of the arbitration clause.

On August 27, 2018, Aptar filed its Motion to Dismiss or in the alternative to Compel Arbitration. In addition to seeking enforcement of the arbitration clause, Aptar claims that Defendant "improperly seeks contractual indemnity without attaching any contract or other authority to support such claim." Document #35 at 3.

Aptar's Motion has been fully briefed and is ripe for determination.

## II. DISCUSSION

### A. Indemnity Claim

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The parties dispute whether Michigan or Illinois law applies to the Third Party claims. Regardless of which state's law applies, Defendant has sufficiently pled its indemnity claim notwithstanding the absence of an express indemnity provision. Both Michigan and Illinois recognize implied indemnity. See Am. Nat. Bank & Tr. Co. v. Columbus-Cuneo- Cabrini Med. Ctr., 154 Ill. 2d 347, 350, 609 N.E.2d 285, 287 (1992); Ameron, Inc. v. Chemische Werke Huls AG, 760 F.Supp. 1234, 1236-37 (E.D.Mich.1991). See also Walker Mfg. Co. v. Dickerson, Inc., 619 F.2d 305, 308 (4th Cir. 1980) (North Carolina also recognizes implied indemnity). Accordingly, the undersigned respectfully recommends that Aptar's Motion to Dismiss Defendant's indemnity claim be denied.

### B. Arbitration

The Federal Arbitration Act establishes a policy favoring arbitration. The FAA provides that arbitration clauses "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA requires courts to stay proceedings and compel arbitration in the event of a refusal to comply with a valid agreement to arbitrate. 9 U.S.C. § 3. The Supreme Court has described the FAA as "a liberal

federal policy favoring arbitration." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011) (citation omitted). Furthermore, the Supreme Court has held that "courts must rigorously enforce arbitration agreements according to their terms." Am. Exp. Co. v. Italian Colors Rest., 133 S. Ct. 2304, 2309 (2013) (internal quotation omitted). The court must compel arbitration if: "(i) the parties have entered into a valid agreement to arbitrate, and (ii) the dispute in question falls within the scope of the arbitration agreement." Chorley Enter., Inc. v. Dickey's Barbecue Rest., Inc., 807 F.3d 553, 563 (4th Cir. 2015). In deciding whether the parties have an enforceable agreement to arbitrate, courts apply state law principles governing the formation of contracts. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995).

The court must also compel arbitration even if the disputed claims are exempted from arbitration or otherwise considered non-arbitrable under state law. Perry v. Thomas, 482 U.S. 483, 489 (1987) (state statute that required litigants to be provided a judicial forum for resolving wage disputes "must give way" to Congress' intent to provide for enforcement of arbitration agreements); Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 90 (4th Cir. 2005) (FAA preempts state law barring arbitration of certain claims).

On the other hand, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960). See also AT & T Technologies, Inc. v. Communications Workers, 475 U.S. 643, 648 (1986); Johnson v. Circuit City Stores, Inc., 148 F.3d 373, 377 (4th Cir. 1998); Arrants v. Buck, 130 F.3d 636, 640 (4th Cir. 1997).

As a threshold matter, Aptar's Terms and Conditions of Sale were incorporated generally into the parties' contract. Under Uniform Commercial Code (UCC) § 2-207(2)(b), Il. St. Ch. 26 ¶ 2-207; Mich. Comp. Laws Ann. § 440.2207, in a transaction between merchants, additional terms

5
Case 1:17-cv-00282-MR-DSC    Document 40    Filed 02/08/19    Page 5 of 7

stated in acceptance of an offer become part of the contract unless: (a) the offer expressly limits acceptance to the terms of the offer; (b) they materially alter it; or (c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received.

The majority of Courts hold that an arbitration clause contained in a purchase order confirmation materially alters the purchase order under UCC § 2-207. "Although there is authority to the contrary, the addition of an arbitration clause is generally found to be a material alteration." Lawrence's Anderson on the Uniform Commercial Code, 2 Anderson U.C.C. § 2-207:80 (3d. ed.). See also Coastal Industries, Inc. v. Automatic Steam Products Corp., 654 F.2d 375, 31 U.C.C. Rep. Serv. 1566 (5th Cir. 1981); Hitchiner Mfg. Co. v. Modern Indus., Inc., No. 09-CV-242-PB, 2009 WL 3643471 (D.N.H. Oct. 29, 2009); Wilson Fertilizer & Grain, Inc. v. ADM Mill. Co., 654 N.E.2d 848, 27 U.C.C. Rep. Serv. 2d 801 (Ind. Ct. App. 1995); Davidson Extruded Products, Inc. v. Babcock Wire Equipment Ltd., 138 Misc. 2d 118, 523 N.Y.S.2d 338, 5 U.C.C. Rep. Serv. 2d 943 (Sup 1987); Diamond's Run Ltd. v. Rebel Fabrics, Inc., 134 Misc. 2d 568, 511 N.Y.S.2d 996, 3 U.C.C. Rep. Serv. 2d 499 (N.Y. City Civ. Ct. 1987).

In Illinois and Michigan, a similar standard is applied – the addition is a material alteration under Section 2-207 if it amounts to an unreasonable surprise. Clifford-Jacobs Forging Company v. Capital Engineering & Mfg. Co., 107 Ill.App.3d 29, 33 (4th Dist. 1982); ISRA Vision, AG v. Burton Indus., Inc., 654 F. Supp. 2d 638, 648 (E.D. Mich. 2009). The Court concludes that inclusion of a mandatory arbitration clause in terms and conditions that were only referenced in the acceptance and available only on the seller's website is a material alteration. The arbitration clause is not incorporated in the parties' contract. Accordingly, the undersigned respectfully recommends that Aptar's Motion to Dismiss or in the Alternative to Compel Arbitration be denied.

## III. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Aptar Group, Inc.'s Motion to Dismiss, or in the Alternative, Motion to Compel Arbitration and Stay Judicial Proceedings" (document #34) be **DENIED**.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Martin Reidinger.

**SO RECOMMENDED AND ORDERED.**

Signed: February 8, 2019

David S. Cayer
United States Magistrate Judge