# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00282-MR-DSC

| | |
|---|---|
| RELION MANUFACTURING, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> TRI-PAC, INC., ) <br> ) <br> Defendant/ ) <br> Third Party ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> APTARGROUP, INC., ) <br> ) <br> Third Party ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Third Party Defendant AptarGroup, Inc.'s Motion to Dismiss, or in the Alternative, Motion to Compel Arbitration and Stay Judicial Proceedings [Doc. 34]; the Magistrate Judge's Memorandum and Recommendation [Doc. 40] regarding the disposition of that motion; and the Third Party Defendant's Objections to the Memorandum and Recommendation [Doc. 41].

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable David S. Cayer, United States Magistrate Judge, was designated to consider the Third Party Defendant's motion and to submit a recommendation for its disposition.

On February 8, 2019, the Magistrate Judge filed a Memorandum and Recommendation in this case containing conclusions of law in support of a recommendation regarding the motion to dismiss and alternative motion to compel arbitration. [Doc. 40]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. The Third Party Defendant timely filed Objections on February 22, 2019. [Doc. 41].

The Third Party Defendant AptarGroup, Inc. ("Aptar") objects to the Magistrate Judge's recommendation that the Motion to Dismiss pursuant to Rule 12(b)(6) should be denied. In so arguing, Aptar complains that the Magistrate Judge addressed only the first count of the Third Party Complaint and did not address the insufficiency of the allegations with respect to the other two counts. [Doc. 41 at 2]. Aptar, however, did not raise any specific argument in its Motion to Dismiss regarding the insufficiency of the allegations pled in support of the second and third counts of the Third Party Complaint. Rather, it limited its Rule 12(b)(6) argument solely to the first

count. [See Doc. 35 at 8-10]. Aptar cannot use its objections to the Memorandum and Recommendation as a platform to raise new issues it never asserted in its Rule 12(b)(6) motion. See ContraVest Inc. v. Mt. Hawley Ins. Co., 273 F. Supp. 3d 607, 620 (D.S.C. 2017) ("the court is not obligated to consider new arguments raised by a party for the first time in objections to the magistrate's report") (citation omitted). This objection, therefore, is overruled.

With respect to the other objections raised by Aptar, after careful consideration of the Memorandum and Recommendation and the Plaintiff's Objections thereto, the Court finds that the Magistrate Judge's proposed conclusions of law are correct and consistent with current case law. Particularly, the Magistrate Judge concluded that the arbitration clause is not part of the contract between the parties because of the operation of § 2-207 of the UCC. [See Doc. 40 at 6]. Aptar did not even address § 2-207 in its motion to compel arbitration. In its objections, however, Aptar complains that the Magistrate Judge failed to make any findings regarding whether the attempt to include the arbitration clause in the parties' contract was an unreasonable surprise. [See Doc. 41 at 8]. Again, an objection to a Memorandum and Recommendation is not the appropriate forum to raise a new basis for the relief sought. See ContraVest, 273 F. Supp. 3d at 620.

Moreover, to the extent that it argues that such findings are necessary, Aptar has failed to present any record on which the Court could make such findings.

Accordingly, the Court hereby overrules the Plaintiff's Objections and accepts the Magistrate Judge's recommendation that the motion to dismiss and alternative motion to compel arbitration should be denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections to the Memorandum and Recommendation [Doc. 41] are **OVERRULED**; the Memorandum and Recommendation [Doc. 40] is **ACCEPTED**; and the Third Party Defendant's Motion to Dismiss, or in the Alternative, Motion to Compel Arbitration and Stay Judicial Proceedings [Doc. 34] is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 1, 2019

Martin Reidinger
United States District Judge